IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Tonji L. Cooke-Bates, | |
| Plaintiff, | |
| v. | Civil Action Number 3:10CV261 |
| Bayer Corporation, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Tonji L. Cooke-Bates' Motion to Remand (Doc. No. 10) and Defendant Bayer's Motion to Sever and Remand (Doc. No. 14.)  For the reasons stated below, the Court will GRANT Plaintiff's Motion to Remand and DENY Defendant's Motion to Sever and Remand.

### I.  BACKGROUND

This case arises out of a personal injury, medical malpractice, and product liability case involving the birth control drug Yaz.  Plaintiff Tonji L. Cooke-Bates ("Plaintiff") as Co-Administrator of the Estate of Gladys M. Coleman, is a Virginia resident, and Plaintiff's decedent, Gladys Coleman, before her death, was also a Virginia resident.  Plaintiff brings product liability claims against the Bayer Defendants for manufacturing and distributing Yaz, alleging that it caused the decedent's pulmonary embolism, deep vein thrombosis, and March 18, 2008 death.  Plaintiff also alleges that Dr. Michael D. Brooks committed medical malpractice by "fail[ing] to exercise the degree of skill and diligence practice by reasonably prudent practitioners . . . and was negligent when he treated Mrs. Coleman for menopause symptoms, bleeding irregularities and leg pain and when he prescribed Mrs. Coleman Yaz." (Pl.'s Compl. ¶ 149.)

Plaintiff filed this action in Richmond Circuit Court on March 10, 2010 naming as defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC (collectively, "Bayer"), Berlex Laboratories International, Inc., Bayer Schering Pharma AG, Bayer AG, and the prescribing physician, Dr. Brooks, a Virginia resident. On April 21, 2010, Bayer removed the case to federal court by invoking this Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, based on its claim that Dr. Brooks should be disregarded for diversity purposes because Plaintiff's claims against Dr. Brooks should be severed from those against the Bayer Defendants under Federal Rule of Civil Procedure 21 because he was misjoined under Virginia law. In the alternative, Bayer asserts that removal is proper under Rule 21 because Dr. Brooks is not a necessary and indispensable party to the litigation. Dr. Brooks did not consent to the removal.

On May 13, 2010, Plaintiff filed a Motion to Remand, on the grounds that Bayer did not satisfy the removal requirements in its notice to this Court. On June 28, 2010, Defendant Bayer filed a Motion to Sever Plaintiff's claims against Dr. Brooks and Remand them to state court. The Motion essentially repeats the arguments that Bayer made in response to Plaintiff's Motion to Remand, asking the Court to sever Plaintiff's claims against Dr. Brooks under Federal Rule of Civil Procedure 21, and to remand those claims to state court because Brooks is not a necessary or indispensable party under Rule 19.

For the reasons set forth below, the Court finds that Bayer's removal was procedurally defective. Subsequently, the Court will GRANT Plaintiff's Motion to Remand and DENY Defendant's Motion to Sever and Remand.

## II. DISCUSSION

Defendants in state civil actions who are not citizens of the state in which the action was filed may remove the case to federal court if the court has original jurisdiction. 28 U.S.C. § 1441(a).

2

However, because removal jurisdiction raises significant federalism concerns, courts must strictly construe that jurisdiction.  See Mulcahey v. Columbia Organic Chemicals, Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  28 U.S.C. § 1441 sets forth the jurisdictional requirements for removal, while § 1446 sets forth the procedural requirements.  Adams v. Aero Services International, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987).  Bayer, as the removing party, bears the burden of establishing that federal jurisdiction exists and removal is proper.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); see also Mulcahey, 29 F.3d at 151.

Because removal of civil cases to federal court infringes state sovereignty, the statutory provisions regulating removal must be strictly applied.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  Failure to comply with those provisions is generally adequate ground for remand to the state court.  Adams, 657 F. Supp at 521.  Under 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action from State court must file a notice of removal in the United States District Court and division within which the action is pending.  Creed v. Virginia, 596 F.Supp.2d 930, 933 (E.D.Va. 2009).

Generally, all defendants must unanimously join or consent to removal within thirty days of being served with the initial pleadings. 28 U.S.C. § 1446(b); Unicom Systems, Inc. v. Nat'l Louis Univ., 262 F.Supp.2d 638, 640 (E.D.Va.2003); Bellone v. Roxbury Homes, Inc., 748 F. Supp 434, 436 (W.D. Va. 1990).  This "unanimity rule" requires that each defendant "register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant."  Creed, 596 F. Supp. 2d at 934 (citing Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co., 963 F.Supp. 553, 558 (N.D.W.Va.1997)).

Despite the stringency with which courts interpret removal procedures, three exceptions to the requirement that all defendants join in or consent to a petition for removal have been

recognized: (1) when the non-joining defendant has not been properly served at the time the removal petition is filed; (2) when the non-joining defendant is merely a nominal or formal party; and (3) when the removed claim is separate and independent from other aspects of the lawsuit filed in state court. See Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992); Adams, 657 F. Supp. at 521 n.2; Bellone, 748 F. Supp. at 436.

In this case, as Plaintiff argued at the hearing, and as acknowledged by Bayer in its Notice of Removal, Dr. Brooks did not consent to the removal to this Court. Bayer argues that Dr. Brooks' consent was not required because he was not properly joined in the state court action. This, however, is not one of the exceptions recognized by the Fourth Circuit in excusing unanimous consent. Although improper, or fraudulent, joinder has been acknowledged by other courts as a grounds to excuse a defendant's consenting to or joining in removal, Bayer acknowledges that it does not allege that Plaintiff fraudulently misjoined Dr. Brooks. See, e.g, Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007); Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir.1983). That allegation would require Bayer to show that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (citations omitted).

Bayer has not presented, nor does the Court find, proper grounds to excuse Bayer's failure to obtain Dr. Brooks' consent, or the resulting defective removal. In its Notice of Removal, Bayer cites Joseph v. Baxter Int'l Inc., 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009), which focused not on the propriety of removal, but on the court's discretion to retain jurisdiction by severing claims against a nondiverse, dispensable defendant after the case had already been removed to federal court. It is unclear whether, in Bayer's other proffered case, Hughes v. Sears, Roebuck and Co., No.

2:09CV93, 2009 WL 2877424, at *1, *3 (N.D. W. Va. Sept. 3, 2009), the non-diverse defendant consented to the removal. However, even if the defendant did not consent, the removing defendant alleged that the non-diverse defendant was fraudulently misjoined, which, as noted, and as distinct from Bayer's claim, has been recognized as an exception to the unanimity rule.

Bearing in mind the principle that doubts pertaining to removal petitions should be resolved against removal, and that neither this Court, nor the Fourth Circuit, has recognized non-fraudulent misjoinder as an exception to the removal requirement that all properly served and joined defendants consent to removal, the Court finds that Bayer's Notice of Removal was procedurally defective, and that an order to remand is therefore required by law.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand, DENIES Defendant Bayer's Motion to Sever and Remand as it does not have jurisdiction to hear the Motion, and remands the case to the Richmond Circuit Court

Let the Clerk send a copy of this Memorandum Opinion to all parties of record and to the Richmond Circuit Court.

An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

Entered this __2nd__ day of August 2010