UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TONJI L. COOKE-BATES, as
Co-Administrator of the Estate of
GLADYS M. COLEMAN,

                          Plaintiff,              Action No. 3:10–CV–261

    v.

BAYER CORPORATION, et al.,

                          Defendants.

MEMORANDUM OPINION

This matter is before the Court on Bayer Defendants' Motion for Reconsideration of the Court's Remand Order of August 2, 1010 (Docket No. 25). For the reasons stated below, the Court GRANTS the Motion for Reconsideration.

BACKGROUND

This case arises out of a personal injury, medical malpractice, and product liability case involving the birth control drug Yaz. Plaintiff Tonji L. Cooke-Bates ("Plaintiff") as Co-Administrator of the Estate of Gladys M. Coleman, is a Virginia resident. Plaintiff's decedent, Gladys Coleman, before her death, was also a Virginia resident. Plaintiff brings product liability claims against the Bayer Defendants for manufacturing and distributing Yaz. Plaintiff also alleges a claim of medical malpractice against Dr. Michael D. Brooks ("Dr. Brooks").

1

Plaintiff filed this action in Richmond Circuit Court on March 10, 2010, naming as defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC ("Bayer"), Berlex Laboratories International, Inc., Bayer Schering Pharma AG, Bayer AG, and the prescribing physician, Dr. Brooks, a Virginia resident.

On April 21, 2010, Bayer removed the case to federal court by invoking this Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Dr. Brooks did not join Bayer's removal. Bayer argued the claims against Dr. Brooks should be severed and remanded to state court, and therefore Dr. Brooks should be disregarded for diversity purposes.

Before Cooke-Bates filed this case, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2100, *In re Yazmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, in the Southern District of Illinois to coordinate all federal marketing, sales practices, and products liability litigation involving Yasmin and YAZ. (Def.'s Opp'n, Ex. A, Docket No. 12). On May 5, 2010, the JPML entered Conditional Transfer Order No. 23, which, upon filing with the clerk of the United States District Court for the Southern District of Illinois, will transfer this action to the Yasmin/YAZ MDL proceeding. (Def.'s Opp'n, Ex. B.) Defendants intend to identify this action as a potential "tag along" to that MDL proceeding.

On May 13, 2010, Plaintiff Cooke-Bates moved the Court to remand the case to state court, arguing Dr. Brooks was properly joined and, therefore, Cooke-Bates was not diverse from Dr. Brooks. In support of remand, Cooke-Bates raised the "unanimity rule," though not in its moving papers and only at oral argument on July 29. Cooke-Bates now characterizes the grounds upon which it sought remand in its papers as "exactly the same" as a failure to obtain

2

unanimous consent of defendants for removal. (Pl.'s Opp'n to Mot. for Recons. 8, Docket No. 26.)

On August 2, 2010, the Court remanded the case to Richmond Circuit Court, on grounds Plaintiff did not raise in her moving papers. The Court cited the "unanimity rule" in support of remand, ruling that Dr. Brooks's failure to consent to removal offended the widely-accepted rule that all defendants must expressly consent to removal.

Bayer now moves for reconsideration of the August 2 remand order, pursuant to Federal Rule of Civil Procedure 59(e). Bayer argues that remand was improper since Cooke-Bates failed to raise the unanimity argument in her moving papers. 28 U.S.C. § 1447(c) requires a party seeking remand "on the basis of any defect other than lack of subject matter jurisdiction" to do so "within 30 days after the filing of the notice of removal." *See* 28 U.S.C. § 1447 (1996). Hence Cooke-Bates, and not the Court, was required to raise the unanimity argument. Since Cooke-Bates failed to do so, Bayer argues Cooke-Bates waived that ground for remand and that the Court erroneously remanded the case.

Cooke-Bates responds first that the Court lacks power to review the remand order, since 28 U.S.C. §1447(d) immunizes from review "[a]n order remanding a case to the State court from which it was removed." *See* 28 U.S.C. § 1447. Alternatively, Cooke-Bates argues that she did not forfeit her unanimity objection and satisfied § 1447(c)'s requirement by simply moving for remand. Cooke-Bates also argues that Bayer was prohibited from moving for reconsideration because Rule 59(e) requires a party to raise its argument before the Court remands the case.

3

DISCUSSION

A. Cooke-Bates failed to raise a procedural defect to removal within thirty days. As a result, the Court may reconsider its remand order and must decide that remand was improper.

Cooke-Bates argues that the Court may not reconsider its remand order, because federal law prohibits a court from reconsidering a prior remand order. Generally a court may grant a Rule 59(e) motion for reconsideration to correct a clear error of law. Fed. R. Civ. P. 59(e) (2009); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). That power is circumscribed, however, when the proposed reconsideration concerns a remand order. 28 U.S.C. § 1447(d) states that

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [dealing with Civil Rights Cases] shall be reviewable[.]"

28 U.S.C. § 1447(d) (1996). The Supreme Court has ruled that § 1447(d) prohibits review of a remand order only when the order was issued pursuant to 28 U.S.C. § 1447(c), as a result of a defect in removal procedure or lack of subject matter jurisdiction. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006).[1]

§ 1447(d) renders a remand order based on the court's lack of subject matter jurisdiction totally immune from review, even if the court raises the issue *sua sponte*. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008). A remand order based on a procedural defect may become similarly immune, but only if a party raises the procedural defect within 30 days after removal. *Ellenburg*, 519 F.3d at 197. *See* 28 U.S.C. § 1447(c). The Fourth

---

[1] 28 U.S.C. § 1447(c) states, in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

4

Circuit has concluded that failure of all defendants to consent to removal "is merely an error in the removal process" that "does not implicate the court's subject matter jurisdiction." *Payne v. Estate of Calzada*, 439 F.3d 198, 203 (4th Cir. 2006). By implication, a remand order based on defendants' lack of unanimity is immune from review if, and only if, the plaintiff objects on that ground within thirty days of removal.

Cooke-Bates did not move for remand according to the requirement of § 1447(c). Cooke-Bates moved for remand, but failed to raise the procedural defect of the defendants' lack of consent to removal,. Therefore, the Court remanded the case due to a procedural defect that Cooke-Bates did not raise within thirty days of removal, as required by § 1447(c). As a result, the Court exceeded its power in remanding the case and committed clear legal error, such that the remand order is subject to reconsideration.

In order to avoid this obvious result, Cooke-Bates asserts the ground upon which she sought remand—that Dr. Brooks was properly joined and therefore diversity was not complete—is "exactly the same" as a failure to obtain unanimous consent of defendants for removal. (Pl.'s Opp'n to Mot. for Recons. 8, Docket No. 26.) She argues as well that simply moving for remand, along with raising the unanimity issue at oral argument, signaled her disagreement with removal and thereby satisfied § 1447(c) requirement for a motion.

The Court rejects this argument and concludes Cooke-Bates waived her procedural objection to remand. § 1447(c) speaks of a "motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction*[.]" 28 U.S.C. § 1447(c) (emphasis added). In contesting the parties' diversity of citizenship, Cooke-Bates raised a jurisdictional defect, not a procedural one. Therefore, it never moved for remand "on the basis of any defect other than lack

of subject matter jurisdiction . . . within 30 days" of removal. *See* 28 U.S.C. § 1447(c). Cooke-Bates simply did not fulfill a prerequisite required by the statute.

B. <u>Bayer did not waive its grounds for reconsideration under Rule 59(e).</u>

Cooke-Bates briefly argues Bayer waived its grounds for reconsideration under Rule 59(e). A party moving for reconsideration may not raise an issue it could have raised prior to judgment. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). On the basis of this rule, Cooke-Bates argues that Bayer should have raised the issue of Cooke-Bates's waiver of the objection discussed above before the Court remanded the case. At oral argument, Bayer contested Cooke-Bates's unanimity argument but failed to argue that Cooke-Bates had waived the objection. Since Bayer first raised Cook-Bates's failure to object on a motion for reconsideration, Cooke-Bates argues Bayer forfeited that ground for reconsideration.

Cooke-Bates is incorrect. In view of the Court's ruling above, Bayer's failure to raise Cooke-Bates's failure to object prior to its motion for reconsideration is immaterial. The Court has determined that it lacked the power to remand this case when Cooke-Bates failed to assert its procedural objection to removal within thirty days. *See Ellenburg*, 519 F.3d at 198. Bayer could not have waived an objection that the Court acted outside its authority. Just as a party can assert a court's lack of subject matter jurisdiction at any time, since the issue implicates the court's power over a case, a party can assert that a court transgressed its power to remand the case at any time.

C. The Court severs Cooke-Bates's claim against Dr. Brooks and remands it to state court.

Bayer argues that Cooke-Bates's claims against Dr. Brooks should be severed pursuant to Rule 21 because he is not a necessary and indispensable party under Rule 19. *See* Fed. R. Civ. P. 19, 21 (2009). In its view, Dr. Brooks is not necessary. Bayer asserts Cooke-Bates's medical malpractice claim against Dr. Brooks is distinct from her product liability claims against Bayer, and because resolution of Cooke-Bates's claims against Dr. Brooks would not necessarily resolve those against Bayer. Bayer also notes that if the claims are not severed, Bayer will be forced to defend claims in state court, running the risk of inconsistent rulings and duplicative discovery in state court and the MDL proceedings.

Rule 21 permits the Court to sever a party from a case in order to achieve complete diversity and establish proper jurisdiction of a civil action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Because of the fact-specific nature of the inquiry, district courts have considerable discretion to sever parties under Rule 21. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 652 (4th Cir. 2006). *See 17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F.Supp.2d 584, 598 n. 9 (E.D.Va. 2005) (describing a district court's discretion in this situation as "virtually unfettered").

Rule 19 sets forth a two-step inquiry to determine whether a party should be joined in an action and, accordingly, guides the Court in determining whether to sever Cooke-Bates. First, the district court asks whether the party is "necessary" to the action under Rule 19(a).[2] Then the

---

[2] Under Rule 19(a), a party is necessary if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Court determines whether a party is indispensable under Rule 19(b), but the Court need only reach that issue if it answers the first question affirmatively. *Temple v. Synthes Corp., Ltd.* 498 U.S. 5, 8 (1990) (declining to inquire whether a party is indispensable under Rule 19(b) after deciding the party was not necessary under Rule 19(a)).  The Court is required to consider the "practical potential for prejudice in the context of [this] particular factual setting" when deciding whether a party is necessary.  *Schlumberger Indus., Inc. v. Nat'l Surety Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994).

Dr. Brooks is not necessary to this case. Cooke-Bates alleges Bayer is liable for defective design, manufacture, and advertisement of Yaz.  Against Dr. Brooks, Cooke-Bates alleges seven acts and omissions actionable as negligence.  The resolution of some of these—such as, for example, the allegation that Dr. Brooks failed to follow-up on the decedent's complaints of leg pain that occurred after she began taking Yaz—likely do not relate to a court's determination of Bayer's liability.  (Notice of Removal, Ex. A ¶ 148.)  *See Joseph v. Baxter Intern. Inc.*, 614 F.Supp.2d 868, 872 (N.D.Ohio 2009) (concluding a non-diverse medical provider was not a necessary party in a plaintiff's products liability action against a drug manufacturer).

The Court's decision to sever the claim alleged against Dr. Brooks will not greatly prejudice Cooke-Bates, but failure to do so could subject Bayer to considerable prejudice.  Cooke-Bates will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against Bayer in the MDL proceedings.  *See Joseph*, 61 F.Supp.2d at 873 (describing a decision to sever a non-diverse medical provider from a products liability claim "inconvenient" and "probably more expensive"

---

Fed. R. Civ. P. 19(a) (2009).

but not "unfairly or unduly prejudicial"). For its part, Bayer could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against Bayer from those against the providers that prescribed Yaz.

## CONCLUSION

For the reasons stated above, the Court GRANTS Bayer's Motion for Reconsideration, severs Cooke-Bates's claim against Dr. Brooks, and remands that claim to state court.

An appropriate Order shall issue.

/s/<br>
James R. Spencer<br>
Chief United States District Judge

ENTERED this __8th__ day of October 2010