UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TONJI L. COOKE-BATES, as
Co-Administrator of the Estate of
GLADYS M. COLEMAN,

                         Plaintiff,

v.

BAYER CORPORATION, et al.,

                         Defendants.

Action No. 3:10–CV–261

MEMORANDUM OPINION

This matter comes before the Court on Cooke-Bates's Motion for Certification pursuant to 28 U.S.C. § 1292(b) (Docket No. 30). Because Cooke-Bates does not raise an appealable issue on which there is substantial ground for disagreement, the Court DENIES the Motion.

I. Introduction

This motion arises out of a medical malpractice and product liability case involving the birth control drug Yaz. Plaintiff Tonji L. Cooke-Bates, ("Plaintiff") as Co-Administrator of the Estate of Gladys M. Coleman, is a Virginia resident. Plaintiff's decedent, Gladys Coleman, was also a Virginia resident. Cooke-Bates brings product liability claims against the Bayer Defendants for manufacturing and distributing Yaz. She also alleges a claim of medical malpractice against Dr. Michael D. Brooks ("Dr. Brooks").

Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare, LLC

("Bayer Defendants") removed this action on April 21, 2010.[1] Cooke-Bates objected to removal. She argued the case belonged in state court because two opposing parties—Dr. Brooks and Cooke-Bates—were Virginia residents and therefore not completely diverse.

On August 2, 2010, the Court remanded the case to Richmond Circuit Court ("August 2 remand order"), on procedural grounds Plaintiff did not raise in her moving papers. The Court cited the "unanimity rule" in support of remand, concluding that Dr. Brooks's failure to consent to removal offended the widely-accepted rule that the failure of all defendants to consent was a procedural defect fatal to removal. *See Payne v. Estate of Calzada*, 439 F.3d 198, 203 (4th Cir. 2006) (describing lack of unanimous consent by defendants to removal as a procedural defect).

The Court reconsidered the August 2 remand order on October 8 ("October 8 order"). The Court concluded it committed clear error by remanding the case on procedural grounds in lieu of an objection by Cooke-Bates raising a procedural defect. First, the Court decided 28 U.S.C. § 1447(d) did not immunize the Court's August 2 remand order from review, because § 1447(d) immunizes only remands based on either a jurisdictional defect or a procedural defect raised by a party within thirty days of removal.[2] *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006). Since Cooke-Bates made a jurisdictional objection to removal, and the Court remanded on procedural grounds, the Court concluded § 1447(d) did not prohibit it from revisiting the August 2 remand order.

Second, the Court concluded remand was substantively erroneous. In this circuit, a court may not remand a case based on a procedural defect unless a party raises a procedural defect

---

[1] Bayer Defendants intend to identify this action as a potential "tag along" to MDL No. 2100, *In re Yazmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, in the Southern District of Illinois.
[2] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [dealing with Civil Rights Cases] shall be reviewable[.]" 28 U.S.C. § 1447(d) (1996).

2

within thirty days of removal.  *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008).  *See* 28 U.S.C. § 1447(c).³  The Court's August 2 remand order ran afoul of *Ellenburg*, because the Court remanded due to a procedural defect in lieu of a procedural objection from Cooke-Bates.   Hence the Court concluded the remand order required reversal.

Accordingly, the Court abrogated the August 2 remand order as to Cooke-Bates's claims against the Bayer Defendants.   The Court severed Cooke-Bates's claim against Dr. Brooks and remanded it to state court.   Cooke-Bates now seeks a certificate permitting appeal of the October 8 remand order under 28 U.S.C. § 1292(b).

II. Analysis

Cooke-Bates requests a certificate to appeal pursuant to 28 U.S.C. § 1292(b), under which a district judge may state in writing that an order "(1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b) (1992) (notations added).   *See Lovelace v. Rockingham Memorial Hosp.*, 299 F.Supp.2d 617, 623 (W.D. Va. 2004). Whether to certify a non-final order for interlocutory review lies within the discretion of the trial court.  *Terry v. June*, 368 F.Supp.2d 538, 539 (W.D. Va. 2005).

The Court begins by emphasizing the gravity of the relief Cooke-Bates seeks. Certification for interlocutory review under §1292(b) is an "extraordinary remedy" available only in "exceptional situations."   *Fannin v. CSX Transp., Inc.*, 1989 WL 42583 at *2 (4th Cir. Apr. 26, 1989).  The Supreme Court describes a district court's discretion to certify an appeal under

---

³ "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

§ 1292(b) as "circumscribed" and reserved for "pivotal and debatable" orders. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 46 (1995). Since § 1292(b) contravenes the final judgment rule, § 1292(b) should be used sparingly and, accordingly, its requirements are strictly construed. *Difelice v. U.S. Airways, Inc.*, 404 F.Supp.2d 907, 908 (E.D. Va. 2005). *See Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989) (refusing to hear an appeal certified under § 1292(b) because petitioner filed his petition with the court of appeals one day late). Because of its circumscribed authority, the Court will certify an issue for appeal only if the Court concludes the issue satisfies all three requirements provided in § 1292(b). *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 83 (E.D. Va. 2000).

Cooke-Bates does not satisfy all three requirements. She fails to bring to the Court's attention an issue upon which there is substantial ground for disagreement.[4]

An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling question of law. *McDaniel v. Mehfoud*, 708 F.Supp. 754, 756 (E.D. Va. 1989). As this Court has explained, when it comes to certifying an issue for interlocutory appeal, "it matters not whether the lower court simply got the law wrong . . . What matters is whether courts themselves disagree as to what the law is." *KPMG Peat Marwick*, 250 B.R. at 83. But just any simple disagreement between courts will not merit certification. A ground for dispute is "substantial" where, for example, the controlling circuit has made no comment on conflicting opinions among the various circuits, *APCC Services, Inc. v. AT&T Corp.*, 297 F.Supp.2d 101, 107 (D.D.C. 2003), or where the dispute raises a novel and difficult issue of first impression. *Santiago v. Pinello*, 647 F.Supp.2d 239, 243 (E.D.N.Y. 2009).

---

[4] The Court does not decide whether Cooke-Bates raises a controlling question of law or whether resolution of the issues she raises will advance the ultimate termination of litigation. The Court need not decide whether the issues Cooke-Bates raises satisfy either of these requirements, since the Court concludes substantial grounds for disagreement do not exist with respect to any of the issues Cooke-Bates raises for appeal.

At oral argument, Cooke-Bates presented the Court with three issues she believes deserve certification. First, Cooke-Bates argues the Court lacked subject matter jurisdiction over the case, prohibiting the Court from severing Cooke-Bates's claim against Dr. Brooks and remanding it to state court. In its October 8 order, this Court severed and remanded Cooke-Bates's claim against Dr. Brooks under Rule 21, finding Dr. Brooks an unnecessary party under Rule 19. Though the issue was not presented with complete clarity, Cooke-Bates implies the Court was not allowed to sever Dr. Brooks from this removed case when the parties to the case were incompletely diverse.

As a general matter, Rule 21 permits the Court to sever a party from a case in order to achieve complete diversity and establish proper jurisdiction of a civil action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691 (4th Cir. 1978) ("[N]on-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and defendants."). Courts do indeed differ on whether it is proper to sever a non-diverse defendant in a diversity case removed from federal court absent a finding of fraudulent joinder or fraudulent misjoinder.[5] But the disagreement can hardly be characterized as "significant." 12 U.S.C. § 1292(b). The decision to sever a party under Rule 21 is largely within the Court's discretion. *Caperton*, 585 F.2d at 691. Cooke-Bates provides no authority suggesting an intense dispute among the circuits about the propriety of severing a non-diverse after removal, or an overwhelming consensus among non-controlling circuits that doing so is improper. Nor does she convincingly demonstrate that

---

[5] Some district courts, faced with a removed diversity case in which the defendant alleges the plaintiff joined a non-diverse party solely to defeat complete diversity but fails to convincingly demonstrate fraudulent misjoinder, insist on remanding the case and refuse to sever the non-diverse party under Rule 21. *See Ash v. Providence Hosp.*, 2009 WL 424586 at *9 n. 19 (S.D. Ala. Feb. 17, 2009). Several courts have acted differently, dropping a dispensable non-diverse party after removal of a case pursuant to Rule 21 even in lieu of a showing of fraudulent joinder or misjoinder. *See Joseph v. Baxter Int'l Inc.*, 614 F.Supp.2d 868, 872-73 (N.D. Ohio 2009). Several local courts have done just that. *See Linnin v. Michielsens* 372 F.Supp.2d 811, 825-26 (E.D. Va. 2005) (expressly concluding a dispensable party should be severed under Rule 21); *Bay Tobacco, LLC v. Bell Quality Tobacco Products, LLC*, 261 F.Supp.2d 483 (E.D. Va. 2003); *Hughes v. Sears, Roebuck and Co.*, 2009 WL 2877424 (N.D. W.Va. Sept. 2, 2009).

this issue is so "pivotal and debatable" to merit halting this litigation to petition the Fourth Circuit to settle it. *Swint*, 514 U.S. at 46. So while Cooke-Bates identifies a source of disagreement among federal courts, she falls short of meeting the exacting standard required in order to earn certification. *See Difelice*, 404 F.Supp.2d at 908 (noting § 1292(b)'s requirements should be strictly construed).[6]

*Able v. Upjohn* is less relevant on this point than Cooke-Bates insists. *See* 829 F.2d 1330 (4th Cir. 1987). There, the defendant removed under 28 U.S.C. § 1331(c), which permits a defendant to remove where a plaintiff brings "separate and independent claim[s]" against non-diverse parties. 829 F.2d at 1332. The *Upjohn* panel suggested the plaintiff should have pursued certification in order that the Fourth Circuit could decide whether plaintiff's claims were "separate and independent." *Id.* at 1334-35. Here, Cooke-Bates challenges the Court's decision to sever Dr. Brooks under Rule 21, a matter largely within the Court's discretion. *Caperton*, 585 F.2d at 691; *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948).

The second and third issues Cooke-Bates argues merit certification are intertwined. The Court decided Cooke-Bates waived her procedural objection to removal by failing to make a procedural objection within thirty days. The Court also decided Cooke-Bates's failure to make a

---

[6] Cooke-Bates attempts to avoid the Court's conclusion by stating the appealable issue in a more general manner, asserting that the controlling question worthy of certification is whether the Court had subject matter jurisdiction to sever Dr. Brooks and decline to remand the claims against Bayer. This characterization of the issue is flawed. So phrased, the controlling question simply restates the Rule 21 issue Cooke-Bates raises and shifts it to different ground, but the issue is no more worthy of certification for its invocation of the paramount requirement of subject matter jurisdiction. It is true, as Cooke-Bates points out, that subject matter jurisdiction is the *sine qua non* of this Court's ability to hear this (and any other) case. But the assertion that this Court lacked subject matter jurisdiction to sever Dr. Brooks merely begs the question of why it lacks jurisdiction. To that end, the cases Cooke-Bates cites demonstrate that certification is proper where a party raises a specific, novel, and complex issue that casts doubt on the Court's subject matter jurisdiction. *See, e.g., Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003) (whether an employer has standing to assert claims under ERISA's civil enforcement provisions), *Rosmer v. Pfizer Inc.*, 263 F.3d 110 (4th Cir. 2001) (whether the supplemental jurisdiction statute permits a federal court to assert jurisdiction over a diversity class action when fewer than all class members allege injury above the jurisdictional amount); *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255 (4th Cir. 2005) (whether a state university is a citizen for diversity purposes). The issue of whether the Court may sever a party under Rule 21 after removal is neither novel nor complex, and the Court has cited several cases demonstrating that the practice is accepted.

procedural objection permitted it to reconsider the remand order.   Cooke-Bates argues both of these conclusions merit certification.

Substantial ground for disagreement over these issues does not exist.   Several courts have concluded that § 1447(d) immunizes a remand order from reconsideration when a party raises some objection to remand procedure within thirty days, even if the Court remands because of a procedural defect other than one the party raised.   *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004); *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003); *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir. 2003).   As far as the Court can tell, though, no courts have concluded that jurisdictional and procedural objections equally suffice to satisfy § 1447(c).   Perhaps this dearth of authority lies in the fact that the statute speaks clearly of a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c).   Cooke-Bates assumes it best to read cases like *Schexnayder* to blur the line between an objection to removal on procedural and jurisdictional grounds.   That reading is incorrect.   The pertinent cases distinguish between procedural and jurisdictional objections, and they treat a remand order as unreviewable under § 1447(d) when preceded by a procedural objection.   So Cooke-Bates's claim that case law demonstrates significant disagreement on this issue is incorrect.   Disagreement on this issue is isolated to the parties to this case.

To the extent Cooke-Bates raises an issue of first impression in this circuit, the issue still does not present "substantial" ground for disagreement.   28 U.S.C. § 1292(b).   Some courts have certified issues of first impression, but only where the issue is "particularly difficult."   *Santiago*, 647 F.Supp.2d at 243.   Otherwise, the fact that the parties happen upon an issue never before decided by a controlling authority is insufficient to merit certification.   *Wyeth v. Sandoz, Inc.*, 703 F.Supp.2d 508, 527 (E.D.N.C. 2010).   The validity of Cooke-Bates's jurisdictional objection

under § 1447(c), and its according effect under § 1447(d), are just such issues. These issues fall short of the level of complexity or difficulty necessary to merit certification. In the Court's view, the plain language of § 1447(c) resolves the issues.

Cooke-Bates cites several Fourth Circuit cases in support of certification that turn out to be unhelpful. *Marshall v. Manville Sales Corp.* supports the Court's argument. 6 F.3d 229 (4th Cir. 1993). Cooke-Bates asserts *Marshall* came to the Fourth Circuit on interlocutory review, but the plaintiff actually appealed the district court's grant of summary judgment. Only after the panel reversed summary judgment did it reverse the district court's remand denial and remand the case to state court. 6 F.3d at 231-32. *King v. Flinn & Dreffein Eng'g Co.* involved an issue arising from an ambiguous statute over which district courts within this circuit disagreed and on which over half the circuit courts had ruled. 675 F.Supp.2d 642, 644 (W.D. Va. 2009). None of the issues Cooke-Bates finds deserving of certification have generated that level of controversy.

III. Conclusion

Because Cooke-Bates fails to raise an issue on which substantial ground for difference of opinion exists, the Court DENIES her Motion and declines to certify the issues she raises.

An appropriate Order shall issue.

                                                  /s/
James R. Spencer
Chief United States District Judge

ENTERED this  15th  day of November 2010