## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

_____    )

**IN RE YASMIN AND YAZ**                    )    **3:09-md-02100-DRH-PMF**
**(DROSPIRENONE) MARKETING, SALES**         )
**PRACTICES AND PRODUCTS**                  )    **MDL No. 2100**
**LIABILITY LITIGATION**                    )
                                            )
_____    )

**THIS DOCUMENT RELATES TO:**

*TONJI L. COOKE-BATES, as Co-Administrator of the Estate of GLADYS M.*
*COLEMAN v.  BAYER CORPORATION, et al.;*
*Civil Docket#: 3:11-cv-20020-DRH-PMF.*

## <u>PLAINTIFF'S MOTION TO REMAND</u>

This is a personal injury, medical malpractice and product liability case involving the birth control drug Yaz®. Plaintiff, Tonji L. Cooke-Bates as Co-Administrator of the Estate of Gladys M. Coleman, is a Virginia resident, and Plaintiff's decedent, Gladys Coleman, before her death, also was a Virginia resident. Plaintiff's decedent was prescribed and ingested Yaz®, and while using Yaz® suffered massive pulmonary emboli and died as a result on March 12, 2008 in Richmond, Virginia.

Plaintiff filed this action in Virginia State Court naming as defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC, Berlex Laboratories International, Inc., Bayer Schering Pharma AG, Bayer AG (all hereafter collectively referred to as "Bayer") and the prescribing physician, Dr. Michael D. Brooks. The prescribing physician, like Plaintiff and Plaintiff's decedent, is a resident of Virginia. With neither a federal question nor complete diversity, which would permit a defendant to remove an

1

otherwise non-removable case, Bayer nevertheless removed the case to federal court. Bayer obviously recognizes the viability of Plaintiff's claims against the non-diverse defendant since Bayer makes no allegation of fraudulent joinder but only "procedural misjoinder". Bayer never alleged fraudulent joinder or any other proper basis for removal. Bayer instead asserts procedural misjoinder and asked the District Court to ignore the means by which the case was removed and to invoke Federal Rule of Civil Procedure 21 to *create* federal diversity jurisdiction. Federal Courts, including this District, have flatly rejected both procedural misjoinder as well as the use of Rule 21 as a vehicle for creating federal subject matter jurisdiction.

As detailed herein, the District Courts within the Seventh Circuit have consistently rejected the doctrine of "procedural misjoinder" or "fraudulent misjoinder" because they are an improper expansion of federal subject matter jurisdiction. The presence in this action of a resident Plaintiff and a properly joined non-diverse physician defendant precludes the exercise of federal diversity jurisdiction and this action should be remanded to state court.

Indeed, Bayer was very recently warned by the Southern District of Illinois, "…**counsel for Bayer, Bayer LLC, and Bayer Healthcare are on notice that henceforth the Court will remand sua sponte any cases against Bayer, Bayer LLC, and Bayer Healthcare that are removed from state court on the basis of the fraudulent misjoinder doctrine."** *Bankcroft v. Bayer Corp.*, No. 09-787-GPM, 2009 U.S. Dist. LEXIS 89684 (S.D. Ill., Sept. 29, 2009) (Murphy, P.). Bayer removed this case from state court on the basis of misjoinder with full knowledge and intent that this matter would be transferred to this very Court that issued this notice. It removed this matter less than seven months after the *Bankcroft* warning. It makes absolutely no difference that Bayer initiated that removal in another District Court. Bayer

2

removed the case on the basis of misjoinder and simultaneously noticed this case as a tag-along and requested it be transferred here.

In addition to the lack of subject matter jurisdiction and its blatant disregard of Justice Murphy's warning, Bayer failed to obtain unanimity in consent before removing this matter from state court.  Since procedural misjoinder has been rejected as an exception to the complete diversity rule, Bayer was required to obtain the consent from Dr. Brooks.  It failed to do so and thus its procedural violations provide additional grounds to remand this matter.

## I.  PROCEDURAL HISTORY

The following procedural history is included in part for this Court's interest and understanding of the posture of this matter.  Plaintiff did file a motion to remand in the Eastern District of Virginia.  The motion was initially granted but then reversed by the same court after Bayer's motion for reconsideration.  Regardless of procedural history, however, this Court must ascertain whether it has federal subject matter jurisdiction since "[ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."  *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).  "Subject-matter jurisdiction is an issue that must be considered at any stage of the litigation."  *See* 28 U.S.C. § 1447(c).

On March 10, 2010, Plaintiff filed this action in Virginia State Court naming as defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare, LLC, Berlex Laboratories International, Inc., Bayer Schering Pharma AG, Bayer AG and the prescribing physician, Dr. Michael D. Brooks. The prescribing physician, like Plaintiff and Plaintiff's decedent, is a resident of Virginia.

The Complaint was served on defendants on March 26, 2010.

Bayer nevertheless removed this case to federal court on April 21, 2010, claiming that the resident prescribing physician had been misjoined under Virginia state law and that the claims against him should be severed from those against Bayer pursuant to Federal Rule of Civil Procedure 21.  (Notice of Removal at **Exh. 1.**)  Bayer has never alleged fraudulent joinder or fraudulent misjoinder and has never denied that complete diversity existed.

On May 13, 2010, Plaintiff timely filed a Motion to Remand, arguing that removal was improper as Bayer failed to allege any statutory or other legal authority supporting removal based upon a request to the District Court that it simply use Rule 21 to sever the case to create jurisdiction.  Bayer filed an Opposition on May 24, 2010. Plaintiff filed a Reply to Bayer's Opposition on May 27, 2010.  In her moving papers, Plaintiff argued that removal was improper because complete diversity did not exist and because Bayer did not allege any other recognized basis to support removal of an otherwise non-removable case.  Plaintiff argued that since removal was improper, the District Court lacked subject matter jurisdiction to entertain Bayer's request to sever the matter.

The District Court heard oral argument on July 29, 2010.  In addition to the arguments Plaintiff presented in her briefing, Plaintiff also argued that removal was procedurally defective because Bayer failed to obtain consent from Dr. Brooks before removing the entire matter to federal court.

On August 2, 2010, the District Court issued an order granting Plaintiff's Motion to Remand.  The District Court agreed that since Bayer failed to allege fraudulent joinder, there were no other grounds upon which the Court could excuse the unanimity in consent requirement for removal.  Because Bayer alleged only misjoinder of the parties, consent was required.  Since consent was not obtained by Dr. Brooks, removal was improper and remand was necessary.

4

On August 12, 2010, Bayer filed a Motion for Reconsideration of the District Court's Remand Order.  Bayer argued that since Plaintiff failed to raise the unanimity in consent defect in her brief supporting her Motion to Remand, her objection on that basis made at the hearing was untimely and the District Court, therefore, erred when it ordered remand.

Plaintiff filed an Opposition to Bayer's Motion for Reconsideration on August 20, 2010. Plaintiff argued that the District Court lacked jurisdiction to entertain Bayer's Motion for Reconsideration because orders remanding cases on the basis of subject matter jurisdiction or procedural defect are not reviewable under 28 U.S.C. §1447 (d).  She also argued that Plaintiff did not waive her objections to the unanimity defect because she filed a timely motion to remand expressly indicating that she did not intend to acquiesce to the federal forum, thereby permitting the Trial Judge to remand pursuant to any issue.  Plaintiff also argued that Bayer itself waived its right to raise the argument in a 59(e) motion since it could have, but failed to raise the issue before remand.

On October 8, 2010, the District Court granted Bayer's Motion for Reconsideration and severed the claims against Dr. Brooks, remanding only those claims against the doctor.  The Court, however, never addressed the propriety of removal and never established how the District Court possessed subject matter jurisdiction over an improperly removed case, allowing it to sever the claims against the non-diverse doctor defendant.

Shortly thereafter, this matter was transferred by the Judicial Panel on Multidistrict Litigation to this Court.

## II.  LEGAL STANDARDS

"As a general rule, when a transferee court such as this court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of

federal law." *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig*., 2006 U.S. Dist. LEXIS 36323, *5 (N.D. Ill. May 24, 2006).

Despite the procedural history of this case, this Court has the authority as well as the duty to ensure the existence of subject-matter jurisdiction. *Id.* at *4 (MDL Judge granting remand despite transferor judge's denial of plaintiff's motion to remand) (*citing McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Subject-matter jurisdiction is an issue that must be considered at any stage of the litigation. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003); *BEM I, L.L.C. v. Anthropologie, Inc*., 301 F.3d 548, 551 (7th Cir. 2002) ("[S]ubject-matter jurisdiction . . . may be questioned at any time until the litigation becomes final, and sometimes even later."). Even if the defense of lack of subject-matter jurisdiction is overruled, stricken, or excluded by the district court, it may be reasserted at any time in the action. *See,* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 132 (3d ed. 2004).

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2006). *See also, Rubel v. Pfizer Inc*., 361 F.3d 1016, 1017 (7th Cir. 2004); *Jones v. Gen. Tire & Rubber Co*., 541 F.2d 660, 664 n.5 (7th Cir. 1976); *Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d

536, 540 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (*quoting Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Finally, "[a]ll doubts about the propriety of removal are to be resolved in favor of remand." *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 U.S. Dist. LEXIS 47764, 2007 WL 1958591, at *2 (S.D. Ill. July 2, 2007).

"[T]he right of removal is statutory and is narrowly construed. It is within the power of Congress to define the jurisdiction of the lower federal courts as narrowly or as broadly as it wishes, subject to the ultimate limits on the scope of federal judicial power identified in the Constitution." *Anderson v. Bayer Corp.,* No. 09-988-GPM, 2010 U.S. Dist. LEXIS 2636, *11 (S.D. Ill., Jan. 13, 2010) ((*citing* U.S. Const. art. I, § 8, cl. 9; Id. art. III, § 2, cl. 1; *Jinks v. Richland County*, S.C., 538 U.S. 456, 462, 123 S. Ct. 1667, 155 L. Ed. 2d 631 (2003); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). However, federal courts possess only that jurisdiction that is conferred on them by Congress, and that jurisdiction "is not to be expanded by judicial decree[.]" *Id.* (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

### III. ARGUMENT

It is axiomatic that federal diversity jurisdiction requires complete diversity. On the face of the Complaint, however, complete diversity is clearly lacking. Bayer nevertheless removed this action, contending that the claims against Dr. Brooks are misjoined under Virginia <u>state law</u> and that the Federal Court therefore can simply disregard the citizenship of Dr. Brooks in deciding whether it has jurisdiction. As is explained in more detail below, district courts within

the Seventh Circuit have rejected removal based upon fraudulent or procedural misjoinder as an improper expansion of federal jurisdiction.  There is no reason to stray from that sound reasoning here.

Bayer argues that, even if jurisdiction is lacking, this Court may manufacture diversity jurisdiction by severing the claims against Dr. Brooks.  Again, this removal strategy has been rejected by district courts within the Seventh Circuit and again, there is no reason to alter those decisions.

Finally, Bayer failed to obtain unanimity in consent before it removed this action from State Court thereby violating a procedural requirement.

For any of and/or all of those reasons and as detailed below, remand is statutorily required.

**A. Procedural Misjoinder is Not a Proper Basis Upon Which Removal May Be Based.**

Bayer does not allege that Plaintiff has failed to assert viable claims against Dr. Brooks as would be required to support a claim of fraudulent joinder.  Instead, Bayer alleges only that the medical malpractice claims are factually and legally distinct from the product liability claims and are thus misjoined under Va. Code Ann. §8.01-281(A) (West 2010) (*See* Notice of Removal). This is, of course, the doctrine of so-called "fraudulent misjoinder" or "procedural misjoinder," which has been flatly rejected by Courts within the Seventh Circuit.  *See Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842 (S.D. Ill. 2006).

In fact, in these same proceedings, less than two years ago, the Southern District Court of Illinois (Murphy, P.) rejected Bayer's removal of a state court action on the basis of misjoinder, ordered the case to be remanded and responded to Plaintiffs' request for costs.  In *Bankcroft,*

8

*supra,* this Court warned Bayer that any such attempt at removal based on misjoinder would be remanded *sua sponte* and further, that Bayer may be held liable for costs associated with any such improper removals in the future.  *Bankcroft,* 2009 U.S. Dist. LEXIS at *20-21.  Bayer has blatantly disregarded this District Court's clear and absolute warning.

Removal based upon misjoinder can be traced to the decision of the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp*., 77 F.3d 1353 (11th Cir. 1996).  In *Tapscott* the Eleventh Circuit Court of Appeals held that the misjoinder of viable, non-fraudulent claims may nonetheless be tantamount to fraudulent joinder to defeat diversity, provided that the misjoinder is egregious.  *See id*. at 1360 (finding complete diversity of citizenship where a group of plaintiffs with claims against a diverse defendant had "egregious[ly]" misjoined their claims with the claims of a group of plaintiffs against a non-diverse defendant).  Neither the Seventh Circuit Court of Appeals nor the Supreme Court of the United States has addressed the fraudulent misjoinder doctrine.  However, district courts in the Southern District of Illinois have dealt with this issue on a number of occasions and correctly rejected the so-called "doctrine" each time.  *See, Rutherford*, 428 F. Supp. 2d at 855; *Anderson*, supra, 2010 U.S. LEXIS at *21; *Bavone v. Eli Lilly & Co*., Civil No. 06-153-GPM, 2006 U.S. Dist. LEXIS 22996, 2006 WL 1096280, at *3 (S.D. Ill. Apr. 25, 2006) (noting that "[n]othing in the jurisprudence of the Supreme Court of the United States . . . suggests that the joinder of non-fraudulent claims under state procedural rules is a question that implicates the subject matter jurisdiction of a federal court."); *Bankcroft v. Bayer Corp*., No. 09-787-GPM, 2009 U.S. Dist. LEXIS 89684 (S.D. Ill., Sept. 29, 2009) ("… the judicially-created fraudulent misjoinder doctrine is an exercise of federal common law-making power that is well outside the constitutional strictures on such law-making enunciated in *Erie Railroad Co. v. Tompkins*, 304

9

U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), as the federal common law of joinder crafted by courts that adhere to the fraudulent misjoinder doctrine interferes with access to courts, drives up litigation costs, and defeats the judicial economies underlying the policy of Illinois favoring liberal permissive joinder of parties and claims."); *and see, Robinson v. Ortho-McNeil Pharm., Inc.,* 533 F. Supp. 2d 838, 842 (S.D. Ill. 2008); *Sabo*, supra, 2007 U.S. Dist. LEXIS 47764, at **6-8.

Justice Murphy later summarized the reasons for rejecting the fraudulent misjoinder doctrine set out in the *Rutherford* opinion:

> …in that decision the Court pointed out that the doctrine is contrary to settled judicial understanding of the scope of federal diversity jurisdiction on removal. The Court observed that the jurisprudence of both the United States Supreme Court and the Seventh Circuit Court of Appeals has never suggested that a misjoinder of legally viable and non-fraudulent claims under state law is a species of fraudulent joinder, and in fact the longstanding principle in the federal courts has been that questions of joinder, particularly under state rules of civil procedure, do not implicate federal subject matter jurisdiction. *See* 428 F. Supp. 2d at 851. The Court noted further that because the basis for the exercise of federal jurisdiction on removal is entirely statutory and concerns the proper balance of power as between federal courts and state courts, the limits of that jurisdiction must be narrowly defined and any enlargement thereof is to be undertaken by Congress, not the courts. *See* id. at 852. Finally, the Court surveyed case law attempting to apply the fraudulent misjoinder doctrine and observed that courts have struggled with the meaning and scope of the doctrine. *See id.* at 852-54 (collecting cases). The Court pointed out that the Seventh Circuit Court of Appeals has expressed a strong preference for jurisdictional rules that are simple and easy to apply, to ensure consistency of results and to avoid waste of resources through erroneous rulings on threshold issues of jurisdiction. *See id*. at 852. The Court opined further in the *Rutherford* decision that any jurisdictional principle based upon highly discretionary, fact-specific determinations about proper joinder of parties and claims in a given case is unlikely to yield consistent and predictable results. *See id.* at 855. Accordingly, the Court declined to recognize the fraudulent misjoinder doctrine, in the absence of further guidance on the matter, whether by Congress or by the Supreme Court and the Seventh Circuit Court of Appeals.

*Anderson*, 2010 U.S. LEXIS at *18-21.

Bayer has not offered any reasons why this Court should depart from this sound reasoning.  Accordingly, this matter should be remanded.

### B. Federal Rule of Civil Procedure 21 is Not a Proper Basis for Removing a Non-Removable State Court Action.

Bayer did not allege and could not establish that Dr. Brooks was fraudulently misjoined. Instead, Bayer alleged only that the medical malpractice claims were distinct from the product liability claims and thus were misjoined under Virginia state law and asks the Court to create subject matter jurisdiction by severing the non-diverse defendant.

Removal under rules of joinder has been flatly rejected by the Seventh Circuit as well as this district.  "It is well settled that issues concerning joinder and subject matter jurisdiction are separate and distinct, such that joinder under Rule 20 of the Federal Rules of Civil Procedure has no bearing on the existence of federal jurisdiction and the rules governing joinder cannot be employed, as Defendants contend, to enlarge the scope of such jurisdiction." *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 690-91 (S.D. Ill., April 21, 2010) "[T]he federal courts traditionally have held that matters of state civil procedure, including. . . joinder of parties and claims, have no bearing on the existence or nonexistence of federal subject matter jurisdiction in a given case . . .The lower federal courts likewise traditionally have recognized that '[t]he question of jurisdiction cannot be determined by the rules of joinder.'" *Id*. (*citing Rutherford*., 428 F. Supp. 2d at 851 (*quoting Smith v. Abbate*, 201 F. Supp. 105, 113 (S.D.N.Y. 1961)).

As master of her complaint, plaintiff may use Rule 21 of the Federal Rules of Civil Procedure to dismiss non-diverse parties from an action to preserve diversity jurisdiction. *Baker*, 709 F. Supp. 2d at 690-91.  "[T]hat rule has not been used in the reverse, however, to dismiss plaintiffs with viable, non-fraudulent claims, over their objections, solely to permit a defendant

to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought." *Id.* In fact, the Seventh Circuit Court of Appeals has spoken very clearly to this question, stating, in relevant part:

> Even if the [non-diverse parties] were added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.
>
> *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citations omitted).

*See also,* 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3641.1 (3d ed. 1998 & Supp. 2009) ("[I]n cases in which the plaintiff attempts to defeat federal subject matter jurisdiction by the joinder of a nondiverse plaintiff, the federal courts will allow the transaction . . . if that person is deemed a real party in interest[.]") (collecting cases).

In order for removal to be viable, diversity must exist both when the case is filed and when it is removed. *See, Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986) (citing 28 U.S.C. § 1441(a)); *Tullis v. Wal-Mart Stores, Inc*., Civil No. 09-935-GPM, 2009 U.S. Dist. LEXIS 105315, at *2 (S.D. Ill. Nov. 9, 2009) (testing the issue of complete diversity of citizenship both at the time a case was filed and the time it was removed).

Here, complete diversity of citizenship did not exist at the time the case was filed nor did it exist at the time of removal. Absent some basis for ignoring the citizenship of Dr. Brooks, thereby establishing that removal was proper, the District Court has no jurisdiction to apply Rule 21 to sever a defendant, but instead should remand to state court. *See, e.g., Ash v. Providence Hosp*., 2009 at *9 n. 19 (S.D. Ala. Feb. 17, 2009); *Landrum v. Delta Int'l Mach. Corp*., 2008

12

U.S. Dist. LEXIS 43561 at *17 (M.D. Ala. June 3, 2008) ("Delta asks this court to ignore the complete diversity requirement and to sever the claims, thereby creating complete diversity. However, the court is unable to ignore the clear requirement that there must be complete diversity for the court to exercise subject matter jurisdiction.   Because the court lacks jurisdiction, it cannot sever the claims."); *Gonzalez v. J.C. Penney Corp.*, 2005 U.S. Dist. LEXIS 44840 at *7 (S.D. Fla. Nov. 7, 2005) ("Since J.C. Penney does not allege fraudulent or egregious joinder, the Court declines the invitation to rewrite Plaintiff's complaint in order to manufacture federal jurisdiction. J.C. Penney may properly seek relief from the alleged misjoinder in state court, and if successful, remove the case to federal court once complete diversity exists.") (*citing* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3723 at 658); *Ferry v. Bekum America Corp.*, 185 F. Supp.2d 1285, 1290-1291 (M.D. Fla. 2002) ("Using Rule 21 in the manner Defendants propose would allow a district court to 'create' jurisdiction on removal simply by dismissing nondiverse, dispensable [parties]. . .Absent a showing of fraudulent or egregious joinder, this Court is obligated to remand."); *Perry v. Norwest Financial Alabama*, Inc., 1998 WL 964987 at *3 (S.D. Ala. Dec. 9, 1998) ("what American Bankers is attempting to do with its argument that the Court should sever the claims of nondiverse parties is to climb in the window of federal court. Until and unless a situation arises in which there exists complete diversity of citizenship, this court may not sever claims, it may not dismiss parties, it may do nothing but remand this action to the Circuit Court of Marengo County, Alabama.").

Admittedly and in anticipation of Bayer's opposition, some courts have held otherwise and have applied Rule 21 to sever a non-diverse defendant and perfect jurisdiction. Plaintiffs respectfully submit those decisions are either distinguishable on their facts or are based on an incorrect and overbroad reading of the decision in *Newman-Green, Inc. v. Alfonzo-Larrain,* 490

U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). The *Newman-Green* decision was summarized by the 6th Circuit in *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536 (6th Cir. 2006) as follows:

> In *Newman-Green*, plaintiff Newman-Green, Inc. initially filed suit in federal district court alleging state-law contract claims against multiple defendants and invoking diversity jurisdiction because all of the defendants were believed to be diverse from Newman-Green. When Newman-Green appealed the district court's partial grant of summary judgment to the Seventh Circuit, the Court of Appeals drew the parties' attention to the fact that one of the defendants in the suit, who was domiciled in Venezuela but a U.S. citizen, had no domicile in the United States, rendering him "stateless" for the purposes of § 1332 (a)(3) and ineligible for § 1332(a)(2), and thereby destroying complete diversity between the plaintiff and defendants. *Id*. at 828-29. When faced with the possibility that its entire suit might be dismissed from the federal courts for lack of subject-matter jurisdiction, Newman-Green filed a motion with the Seventh Circuit requesting to amend its complaint to drop the single nondiverse defendant from the lawsuit so that the federal courts could maintain subject-matter jurisdiction. *Id*. at 829. The original panel of the Seventh Circuit granted Newman-Green's motion and dismissed the nondiverse defendant with prejudice, but the en banc court reversed, holding that the Court of Appeals could not cure the lack of subject-matter jurisdiction retroactively by dismissing the nondiverse defendant. *Newman-Green, Inc. v. Alfonzo-Larrain*, 832 F.2d 417 (7th Cir. 1987), rev'd en banc, 854 F.2d 916 (7th Cir. 1988). Upon review, the Supreme Court reversed the en banc court, holding that federal "courts of appeals have the authority to dismiss a dispensable nondiverse party" to cure a jurisdictional defect. *Newman-Green*, 490 U.S. at 837. The Supreme Court emphasized, however, "that such authority should be exercised sparingly." *Id*. *Newman-Green* counsels that "[i]n each case, the appellate court should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Id*. at 837-38. The Supreme Court went on to conclude that granting Newman-Green's motion to dismiss the nondiverse defendant in that instance was appropriate because the dismissal would not harm any of the parties. *Id*. at 838.

However, *Newman-Green* did not involve removal jurisdiction which presents jurisdictional and federalism concerns distinct from diversity jurisdiction in general. As stated in *Curry*:

> *Newman-Green* is fundamentally different from the circumstances of this case because *Newman-Green* did not involve removal, but was rather an instance where the plaintiff originally filed suit in federal court and wished to resolve its

dispute in that forum. Importantly, in *Newman-Green* it was the plaintiff, who wished to be in federal court all along, who sought to dismiss the nondiverse defendant that it had identified, when the problem with complete diversity became apparent…. Here Curry wished to bring this lawsuit against all three defendants in state court. As the plaintiff, Curry is the master of his complaint, *see Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003), and he properly chose to pursue his tort claims against the truck driver, the truck owner, and U.S. Bulk Transport in one lawsuit in state court. Curry was then brought into federal court on U.S. Bulk Transport's notice of removal….

In these circumstances, we conclude that curing the lack of subject-matter jurisdiction against Curry's wishes by dismissing Priddy and Susman would harm Curry, as it would force him to be bound by a judgment that the district court lacked jurisdiction to issue. Dismissing Priddy and Susman while retaining in federal court Curry's action against U.S. Bulk Transport may also force Curry to initiate a second lawsuit in state court in order to pursue his claims against Priddy and Susman, requiring him to expend further resources than if he had been able to pursue his claims against all defendants in his single state-court suit as he originally desired. In addition, a two-suit resolution of Curry's grievances would be an utter waste of judicial resources.

*Id*. at 542-43. The court in *Payoutone, LLC v. Coral Mortgage Bankers*, 2009 U.S. Dist. LEXIS 98666 (D. Colo. October 22, 2009) also recognized the distinction:

The present case's status as a removal case bears heavily on the analysis under Rule 21. For one thing, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal."…. For another, it is well established that the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied…. Finally, a plaintiff is generally considered to be the "master" of its claims…. Absent a specific right to do so, a defendant may not wrest a plaintiff's case from a selected state forum through removal…. These doctrines  have prompted courts to note that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."

*Id*. at *10-11 (D. Colo. October 22, 2009)(internal citations omitted).

Courts have long recognized that "the plaintiff is the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  As a result, most courts have treated Rule 21 severance against the wishes of plaintiffs in removed cases as "presumptively disfavored." *Garbie*, 8 F. Supp. 2d at 817-18; *Payoutone*, 2009 U.S. Dist. LEXIS

at *11. *See also, Curry*, supra at 542-43 (6th Cir. 2006); *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285 (M.D. Fla. 2002); *Spann v. Nw. Mut. Life Ins. Co.*, 795 F. Supp. 386, 390 (M.D. Ala. 1992).

Subsequent to *Newman-Green* the U.S. Supreme Court decided *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (U.S. 1996). That case did involve improper removal and a timely motion to remand which was denied. Unlike the present action, however, the plaintiff in *Caterpillar* voluntarily settled with the non-diverse defendant and jurisdiction was truly diverse at the time the case proceeded to trial. Under those unique circumstances, the Supreme Court upheld the exercise of jurisdiction based upon considerations of judicial efficiency.

Ironically, the Court in *Caterpillar* rebuffed plaintiff's concerns over the scenario that actually occurred in the present action; i.e. wrongful removal by a defendant "gaming" the system, the improper assertion of federal jurisdiction and a plaintiff deprived of her chosen state court forum. The Court relied on a belief that district courts would comprehend and respect the statutory limits on their jurisdiction, thereby avoiding such problems in the future and assuming, incorrectly, that defendants like Bayer who chose to abuse the system would face "swift and nonreviewable" remands to state court "attended by the displeasure of a district court whose authority has been improperly invoked." *Id*. at 77. Another warning ignored by Bayer.

Finally, it is important to heed the limitations imposed by Fed. R. Civ. P. 82 which provides that the Civil Rules "do not extend or limit the jurisdiction of the district courts." Without an initial basis for asserting jurisdiction, severance pursuant to Rule 21 impermissibly creates jurisdiction where it did not exist. *Echols v. Omni Med. Group, Inc*., 2010 U.S. Dist. LEXIS 119809 (N.D. Okla. Nov. 10, 2010); *Jamison v. Purdue Pharma. Co*., 251 F.Supp. 2d 1315, 1321 (S.D. Miss. 2003) ("[A] district court may run afoul of Rule 82 when it uses a federal

16

rule to sever the claims in a removed case…. Such a reshaping of the action by the district court creates jurisdiction where it did not previously exist.").

Accordingly, this matter should remanded.

### C. Bayer Failed to Obtain Consent and Therefore Violated Statutory Removal Requirements Necessitating Remand.

A notice of removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). Bayer failed to obtain consent from Dr. Brooks and alleged that consent was not required since he was misjoined. First, procedural misjoinder is not an exception to the requirement that all defendants consent to removal; and second, Plaintiff has argued non-consent to the federal forum and timely filed a motion to remand. Remand under these circumstances is necessary.

The Seventh Circuit recognizes an exception to the requirement of complete diversity: where a non-diverse defendant has been "fraudulently joined." *See generally Rutherford*, 428 F. Supp. 2d at 848. Bayer does not argue that Dr. Brooks was fraudulently joined. Nor does Bayer argue he was fraudulently misjoined. Bayer argues only that he is simply "procedurally" misjoined. This is not an exception to the unanimity in consent requirement, and therefore, Bayer was required to obtain the consent of Dr. Brooks. Bayer did not do so.

Also, Plaintiff anticipates that Bayer will argue that Plaintiff failed to raise this objection in her brief[1] in her first timely filed motion to remand that was based upon lack of subject matter jurisdiction, and Bayer will claim that as a result, plaintiff thus waived her right to do so. The Seventh Circuit, however, has ruled contrary. Indeed, by timely filing her initial motion for

---

[1] Plaintiff raised the lack of consent issue at the oral argument at the hearing.

remand within thirty days after removal, Plaintiff clearly refused to acquiesce to Bayer's choice of a federal forum and therefore did not foreclose the ability for the District Court to order remand on any basis.  *In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994)) (where a plaintiff has filed a timely motion for remand of a case, thus manifesting non-consent to the removal of the case, a court may remand the case on the basis of any procedural defect in removal that is apparent from the record of the case); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 U.S. Dist. LEXIS 99394, 2009 WL 3575267, at *2 & n.1 (S.D. Ill. Oct. 26, 2009) (remanding case on procedural defect despite plaintiff's motion to remand based upon a lack of subject matter jurisdiction) (*citing Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209-10 (11th Cir. 2003)) (remanding a case to state court partly on the basis of a procedural defect in removal where the plaintiff had filed a motion for remand of the case for lack of subject matter jurisdiction within thirty days after the removal, thereby manifesting non-consent to the removal); *Stephens v. Burns & Wilcox, LTD.*, Civ. No. 09-860-GPM, 2009 U.S. Dist. LEXIS 105371 (S.D. Ill., Nov. 7, 2009) (remanded on procedural defect not mentioned in plaintiff's motion to remand).

In *O'Neil v. Pointer*, the District Court (Murphy, P.) noticed a procedural defect in the removal notice.  *O'Neill,* 2009 U.S. Dist. LEXIS at * 6, n. 1.  The Court directed the Plaintiff to file a consent to removal or a motion for remand based upon removing defendant's failure to obtain unanimity in consent.  *Id.*  The Plaintiff filed a motion to remand on grounds of lack of subject matter jurisdiction rather than a procedural defect.  *Id.*  The Court, however, found that it was not precluded from remanding the case on the procedural defect despite Plaintiff's failure to raise it in a timely motion to remand.  *Id.*

Whether a district court may remand based upon a procedural defect not raised in a timely motion to remand has been permitted by other district courts as well.  For example, in *Glatzer v. Cardozo*, No. 05 civ. 10113, 2007 U.S. Dist. LEXIS 98383 (S.D.N.Y. Sept. 26, 2007), the Plaintiff timely filed a motion to remand based upon a lack of subject matter jurisdiction. Although the Plaintiff's motion did not mention a procedural defect, Plaintiff did raise the procedural defects less than three months later (in a supplemental brief) just as Plaintiff did here in oral argument.  This, the Court noted, indicated that the Plaintiff did not acquiesce to the federal forum and because a motion was timely filed, Plaintiff did not waive his procedural objections.  *Id.* *11;  *see also, Schexnayder v. Entergy La., Inc.,* 394 F.3d 280 (5th Cir. 2004) (because a motion to remand has been filed, a Court may remand on any appropriate basis, even a basis not raised by the motion for remand); *Optec Displays, Inc. v. America Maintenance, Inc*., Civ. No. 08-1527 (DRD), 2008 U.S. Dist. LEXIS 47562 (D.N.J. June 18, 2008) (remanded case on procedural defect despite no mention of such defect in plaintiff's timely filed motion to remand); *Evans v. Bantek West, Inc*., No. CIV. 08-2966 WBS GGH, 2009 U.S. Dist. LEXIS 19218 (E.D. Cal., March 12, 2009) (remanded based upon lack of unanimity despite no mention of it in Plaintiff's timely filed motion to remand).

Plaintiff does not dispute that "non-jurisdictional objections to removal *may* be waived." *Ayers v. Watson*, 113 U.S. 594, 5 S. Ct. 641, 28 L. Ed. 1093 (1885) (emphasis added)). The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. *Id.* Having found herself in federal court after removal, the plaintiff may want to stay there. *Id.* Generally, instead of trying to resolve procedural questions on its own, only to find out that the answer does not

19

matter, the district judge should wait for the parties to reveal whether they want to continue in federal court. *Id.*

Here, however, Plaintiff timely moved for an order remanding the case to state court. Accordingly, the District Court does not risk interfering with the parties' forum selection by remanding on an issue not raised in Plaintiff's motion. *See, Optec Displays, Inc.*, 2007 U.S. Dist. LEXIs *7. "The Fifth Circuit Court of Appeals held that the statutory language of section 1447(c) does not prevent a district court from raising an *issue* on its own initiative. Indeed, '[b]y its own terms, § 1447 (c)' limits a district court's authority only with regard to 'motions, not issues.'" *Id.* (*citing Schexnayder*, 394 F.3d at 284 (emphasis in *Optec Displays*).

Permitting remand on a procedural issue not raised in a timely motion to remand harmonizes with Seventh Circuit law that Plaintiffs must communicate her non-consent to the federal forum. Indeed, the Seventh Circuit Court of Appeals encourages district judges to notice procedural defects in removal *sua sponte*. "District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service." *In re Continental Cas. Co*., 29 F.3d at 295. However, district judges may not remand cases *sua sponte* on the basis of procedural defects in removal. The reason is that such defects are waived if not objected to by a plaintiff within thirty days of removal, see 28 U.S.C. § 1447(c), and a plaintiff whose case finds its way into federal court via removal may wish to waive a procedural defect in removal and stay in federal court. In *In re Continental Casualty* the court explained, "Ever since *Ayers v. Watson*, 113 U.S. 594, 5 S. Ct. 641, 28 L. Ed. 1093 (1885), it has been accepted that non-jurisdictional objections to removal may be waived. The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum." 29

20

F.3d at 294. The court said further, "Procedural defects in removal are in this respect similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited. Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive both sides of their preferred forum." *Id.* (*citing* Fed. R. Civ. P. 12(h)(1)).

Here, Plaintiff has manifested non-consent to removal by filing a motion for remand within thirty days of removal.  It is, therefore, appropriate for a district court to remand a case on any defect in removal despite it not being raised by the Plaintiff in her brief.

## IV.        CONCLUSION

For all of the forgoing reasons, this matter should be remanded to the state court of Virginia on the grounds that this Court lacks subject matter jurisdiction and that Bayer failed to obtain unanimity in consent, violating removal procedure.

Respectfully submitted,


 */s/ Paula S. Bliss*
Gregory J. Bubalo
Paula S. Bliss
BUBALO ROTMAN, PLC
9300 Shelbyville Road, Suite 215
Louisville, Kentucky  40222
Telephone:  502/753-1600
Facsimile:  502/753-1601

and

John Chandler Shea
Bridget N. Long
Marks & Harrison PC
1500 Forest Ave
PO Box 72020
Richmond, VA 23255-2020
(804) 282-0999

21

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011 I electronically filed the foregoing Motion with the clerk of the court by using the CM/ECF system and a notice will be sent automatically by electronic filing to the following:

**Mark R. Niemeyer**
Onder, Shelton et al
110 East Lockwood, 2nd Floor
Webster Groves, MO 63119
314-963-9000
niemeyer@onderlaw.com
*Lead Attorney for Plaintiffs*

**Michael S. Burg**
Burg Simpson Eldredge Hersh & Jardine
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
mburg@burgsimpson.com
*Lead Attorney for Plaintiffs*

**Michael A. London**
Douglas & London. P.C.
111 John Street, Suite 1400
New York, NY 10038
212-566-7500
Email: mlondon@douglasandlondon.com
*Lead Attorney for Plaintiffs*

**Roger C. Denton**
Schlichter, Bogard et al. - St. Louis
100 South Fourth Street, Suite 900
St. Louis, MO 63102
314-621-6115
rdenton@uselaws.com
*Lead Attorney for Plaintiffs*

**Adam L. Hoeflich**
Bartlit, Beck et al.
54 West Hubbard Street
Suite 300
Chicago, IL 60654
312-494-4400
Email: adam.hoeflich@bartlit-beck.com
*Lead Attorney for Defendants*

**John E. Galvin**
**Terry Lueckenhoff**
Fox, Galvin LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
314-588-7000
Email: jgalvin@foxgalvin.com
*Lead Attorney for Defendants*

**Christopher Michele Corchiarino**
**Thomas J. Cullen, Jr.**
Goodell DeVries Leech & Dann LLP
1 South Street, 20th Floor
Baltimore, MD 21202
410-783-4000
Fax: 410-783-4040
*Attorney for Defendants*

**Lynne Jones Blain**
Harman Claytor Corrigan & Wellman
PO Box 70280
Richmond, VA 23255
(804) 747-5200
Fax: (804) 747-6085
*Attorney for Defendant Michael D. Brooks*


 /s/ Paula S. Bliss
*Counsel for Plaintiffs*