# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF <br> MDL No. 2100 <br> Judge David R. Herndon |
| **This Document Relates to:** <br> *Tonji L. Cooke-Bates, as Co-Administrator of the Estate of Gladys M. Coleman v. Bayer Corp., et al.,* No. 3:11-cv-20020-DRH-PMF | **ORDER DENYING RECONSIDERATION OF REMAND ORDER** |

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter is before the Court on the plaintiff's motion for remand to state court. For the reasons discussed below, the Court treats plaintiff's motion for remand as a motion for reconsideration of the transferor court's denial of plaintiff's motion to remand to state court and applies the law of the case doctrine. After reviewing the parties' pleadings and the relevant authority, the Court **DENIES** plaintiff's motion for reconsideration and concludes that federal diversity jurisdiction does exist.

## II. FACTS AND PROCEDURAL HISTORY

In March 2010, plaintiff, a citizen of Virginia,[1] filed this action in the Circuit Court of the City of Richmond, Virginia naming as defendants numerous Bayer entities ("Bayer") (none of which are citizens of Virginia) and plaintiff's prescribing physician, Dr. Michael D. Brooks, a citizen of Virginia (Doc. 1-1). The complaint asserted product liability claims against the Bayer defendants and medical malpractice claims against Dr. Michael Brooks. *Id.* ¶¶ 104, 109, 149. Bayer removed the case to the Eastern district of Virginia (the "transferor district court"), arguing that plaintiff's claims against Dr. Brooks were improperly joined under Virginia law and should therefore be severed pursuant to Federal Rule of Civil Procedure 21 (i.e. procedural misjoinder) (Doc. 1 pp. 6-7). In the alternative, Bayer argued that the district court should sever the claims against Dr. Brooks pursuant to Rule 21 because Dr. Brooks was not a necessary and indispensable party (Doc. 1 pp. 8-11).On May 5, 2010, the Judicial Panel on Multidistrict Litigation ("JPML") issued CTO-23, which designated this case for transfer to this MDL(MDL 2100 Doc. 1170).

On May 13, 2010, plaintiff filed a motion to remand in the Eastern District of Virginia (Doc. 10). Plaintiff argued that (1) in the Fourth Circuit, procedural misjoinder is not a proper basis for removal; (2) Dr. Brooks was properly joined under both state and federal law; and (3) Rule 21 may not be utilized to sever a non-diverse defendant absent a finding of fraudulent joinder

---

[1] Plaintiff's decedent, Gladys Coleman, was also a citizen of Virginia.

(Doc. 11). Plaintiff did not raise any argument with regard to procedural defects in removal (Doc. 10; doc. 11; Doc. 28 pp. 2-3). Bayer opposed plaintiff's motion to remand, and separately moved to sever and remand the claims against Dr. Brooks (Doc. 12; Doc. 14; Doc. 15).

On May 19, 2010, plaintiff opposed transfer to this MDL (MDL 2100 Doc. 1170).On July 29, 2010, the parties presented oral argument before Chief Judge Spencer in the Eastern District of Virginia with regard to plaintiff's motion to remand and Bayer's motion to sever and remand the claims against Dr. Brooks (Doc. 21). At oral argument, plaintiff – for the first time–argued that the removal was procedurally defective (Doc. 22 p. 4). Specifically, plaintiff asserted that Dr. Brooks' did not consent to removal and that the removal therefore violated the "unanimity rule" (Doc. 22 p. 4).[2] The Eastern District of Virginia agreed and on August 2, 2010 granted plaintiff's motion to remand based on the alleged procedural defect ("August 2 remand order")(Doc. 22; Doc. 23).

Thereafter, Bayer moved for reconsideration, arguing that remand was improper since plaintiff failed to raise the issue of unanimitywithin the requisite thirty days (Doc. 25).[3] Plaintiff responded,arguing that 28 U.S.C. §

---

[2] Under the federal common-law "rule of unanimity," all defendants in a case that have been properly joined and served when the case is removed to federal court must join in or consent to the removal (Doc. 22 p. 3). *See also Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272-73 (7th Cir.1982).

[3] Violation of the "unanimity rule" is a procedural defect in removal that is waived unless an objection is raised within 30 days of the date of removal. *See Payne v.*

1447(d) prohibited the district court from reviewing its remand order (Doc. 26).[4] In the alternative, plaintiff argued that she did not waive her unanimity objection by failing to expressly assert it in her moving papers. *Id*.

The district court concluded that it had the authority to reconsider its remand order (Doc. 28; Doc. 29). Chief Judge Spencer explained that § 1447(d) prohibits review of remand orders that were based on either a jurisdictional defect or a procedural defect raised by a party within thirty days of removal (Doc. 28 pp. 4-6). Since plaintiff made a jurisdictional objection to removal and the Court remanded on procedural grounds, the Court concluded § 1447(d) did not prohibit it from revisiting the August 2 remand order. *Id*.

The district court then found that its remand was clearly erroneous. *Id*. The district court explained that in the Fourth Circuit, a court may not remand a case based on a procedural defect unless a party raises a procedural defect within thirty days of removal. *Id*.[5] Because the district court remanded due to a procedural defect not timely raised by the plaintiff, Chief

---

*Estate of Calzada*, 439 F.3d 198, 203 (4th Cir. 2006); *Shaw v. Dow Brands*, 994 F.2d 364, 368 (7th Cir. 1993).

[4] 28 U.S.C. § 1447(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable[.]"

[5] *See Payne v. Estate of Calzada*, 439 F.3d 198, 203 (4th Cir. 2006). The same is true in the Seventh Circuit. *See pettitt v. Boeing*, 606 F.3d 340, 342-43 (7th Cir. 2010); *cf. Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (district court lacked authority to remand based on failure to establish the amount in controversy where plaintiff had not raised the issue in a motion to remand).

Judge Spencer, concluded that remand was improper. *Id*. Accordingly, the district court abrogated the August 2 remand order as to plaintiff's claims against the Bayer Defendants. The district court then addressed the question of subject matter jurisdiction for the first time. *Id.* at pp. 7-9. Chief Judge Spencer found that Dr. Brooks was not a necessary party under Federal Rule of Civil Procedure 19 and utilized Rule 21 to sever and remand plaintiff's claims against Dr. Brooks.*Id*.

In October 2010, plaintiff sought a certificate permitting appeal of the October 8 remand order under 28 U.S.C. § 1292(b) (Doc. 30). Chief Judge Spencer denied plaintiffs motion and declined to certify the issues raised for appeal (Doc. 34; Doc. 35).

Bayer again notified the JPML that this action was a potential tag-along to MDL-2100 (Doc. 43 p. 3). On November 4, 2010, the JPML included this case in CTO-38. *Id. citing* JPML MDL No. 2100 Doc. 383.Plaintiff, for a second time, opposed transfer, arguing to the JPML that the conditional transfer order should "be vacated pending the decision of the Virginia Federal Court and/or the Fourth Circuit as to whether federal subject matter jurisdiction exists." *Id. citing* JPML MDL No. 2100 Doc. 433 at 2.Shortly thereafter, plaintiff filed a petition for a writ of mandamus, which the Fourth Circuit denied in January 2011.

In February 2011, the JPML denied plaintiff's motion to vacate CTO-38 and the action was transferred to this Court (Doc. 39; Doc. 40).Plaintiff then

filed another motion to remand (Doc. 41). In her motion to remand, plaintiffcontends that although Dr. Brooks is no longer a part of this case, this Court lacks federal diversity jurisdiction. Specifically, plaintiff argues that the severance of Dr. Brooks was improper because procedural misjoinder and Federal Rule 21 may not be used to create federal diversity jurisdiction. Therefore, according to the plaintiff, the Court must consider Dr. Brook's citizenship in assessing whether diversity jurisdiction exists.[6]

### III. ANALYSIS

**A. Preliminary Matter - Civility and Professionalism in Pleadings**

As a preliminary matter, the Court feels compelled to express its displeasure with the tone of incivility in the plaintiff's submissions to this Court. Plaintiff accuses Bayer of making intentional misrepresentations in its filings and of blatantly disregarding a prior order purportedly issued by *this* Court (Doc. 41 pp. 1-3, 8-9; Doc. 44 pp. 1-2, 5). Even if the Court found plaintiff's allegations to be true – which it does not – the combative and discourteous tone in plaintiff's briefing is unpersuasive and unnecessary.

As to Bayer's alleged misrepresentations, the Court notes that it is plaintiff – not Bayer – that has made misrepresentations in its filings. For instance, plaintiff argues that "in these same proceedings" this Court ordered

---

[6] Plaintiff also contends she did not waive her objection to the procedural defect in removal (unanimity) by failing to raise the procedural objection within the requisite thirty day period.

Bayer to stop removing cases on the basis of procedural misjoinder (Doc. 41 pp. 8-9). This Court, however, has never issued such a warning; the case plaintiff references was issued by another Judge in the Southern District of Illinois in a case completely unrelated to these MDL proceedings. *See Bankcroft v. Bayer Corp.,* 2009 WL 3156706 (S.D. Ill. Sept. 29, 2009) (Murphy, J.). The plaintiff also argues that Bayer misrepresents the *Fourth Circuit's* denial of plaintiff's request for permission to file a writ as a "procedural ruling." (Doc. 44 p. 5 (stating that Bayer's representation is "wrong and misleading and Bayer knows it")).*See also Id.* (noting that in denying plaintiffs request, the Fourth Circuit "made no findings or 'rulings' on the merits of Judge Spencer's order whatsoever). Bayer, however, does not assert that the Fourth Circuit's denial was a "procedural ruling." Instead, Bayer properly references the *district court's* unanimity ruling as a "procedural ruling" (*See* Doc. 43 p. 5 (stating that plaintiff has failed to "explain why Seventh Circuit law should govern a procedural ruling by a Fourth Circuit district Court")).Thus, plaintiff's accusations are not only discourteous, they are also unfounded.

**B.      Authority of Transferor Court to Render Decision**

Initially, the Court notes that the Eastern District of Virginia's (the transferor court) August 2 remand orderwas issued before the JPMLtransfer order was filed in this Court. Accordingly, the transferor court did not exceed its authority in deciding the pending remand and severance motions. *See* JPML Rule 2.1 (pendency of motion to remand or conditional transfer order does not

"limit the pretrial jurisdiction"); *Id*. ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."). *See also* Manual for Complex Litigation (4th ed.) § 20.131 ("[a] transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court. At that point, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction. During the pendency of a motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case").

C.     **Preclusive Effect of Denial of Writ by Fourth Circuit Appellate Court**

In the instant case, prior to transfer, plaintiff sought a writ of mandamus from the Fourth Circuit Appellate Court, which was denied without explanation. One might contend that the Fourth Circuit's denial has a preclusive effect on this Court. The unexplained basis for denying plaintiff's writ, however, likely negates any preclusive effect such a denial might otherwise have. *See Hiley v. U.S.*, 807 F.2d 623, 625-626 (7th Cir. 1986) (where denial of a petition for writ of mandamus is "based not on the merits of the dispute, but rather on the limitations inherent in the extraordinary nature of the writ, such a denial does not preclude examination of the merits of the questions presented in the mandamus petition under the doctrines of res judicata or law of the case (unless perhaps those questions were actually decided by the denial)" (citations omitted).

Further, the Supreme Court's decision in *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 1089 (1960), indicates that such a denial does not have a preclusive effect on the transferee district court. In *Hoffman,* the Supreme Court noted that a denial of a petition for writ of mandamus that does not purport to determine the jurisdiction of the transferee court does not preclude the transferee court (or the transferee's appellate court) from determining its own jurisdiction:

> That order[7] did not purport to determine the jurisdiction of the transferee court and therefore did not preclude Judge Hoffman [the transferee district judge] of power to determine his own jurisdiction, nor did it preclude the power of the Seventh Circuit to review his action. Several reasons why principles of res judicata do not apply may be stated in a few sentences. The orders of the Texas and Illinois District Courts on the respective motions to transfer and to remand, like the orders of the Fifth and Seventh Circuits on the respective petitions for mandamus, were (1) interlocutory, (2) not upon the merits, and (3) were entered in the same case by courts of coordinate jurisdiction. Here the sole basis of the right of the Fifth Circuit to entertain the petition for a writ of mandamus was to protect its appellate jurisdiction, and, by denying leave to file the petition, it forsook such right, but it did not thereby determine that the Illinois District Court had jurisdiction of the action. The question of that court's jurisdiction still remained subject to attack as of right on

---

[7] In *Hoffman,* the Fifth Circuit Court of appeals denied plaintiffs' petition for writ of mandamus directing the vacation of a district court's order granting transfer of the case to the successor district court. The Fifth Circuit denied mandamus.holding that "the purposes for which § 1404(a) was enacted would be unduly circumscribed if a transfer could not be made 'in the interest of justice' to a district where the defendants not only waive venue but to which they seek the transfer." *Id.* at 337 (internal citation omitted).Upon transfer to the successor district court,plaintiffs filed a motion to remand the case to the original district court based on lack of subject matter jurisdiction. The successor district court denied the motion. The Seventh Circuit then granted a writ of mandamus directing the successor district court to reverse its order. "That Order" refers to the Fifth Circuit's denial of the petition for writ of mandamus. Considering the Supreme Court's discussion regarding "that order," it seems the Fourth Circuit's *unexplained* denial would have no more preclusive effect than the Fifth Circuit denial that was the subject of the Supreme Court's discussion.

> appeal to the Seventh Circuit from any final judgment in the action. When, therefore, jurisdiction of the District Court was assailed in the Seventh Circuit, by the petition for mandamus, that court surely had power to determine whether it would hold, on such an appeal, that the Illinois District Court did or did not have jurisdiction of the action and, if not, to say so and thus avoid the delays and expense of a futile trial.

*Hoffman,* 363 U.S. at 342, 80 S.Ct. at 1089 n.9

### D.   Characterization of Plaintiff's Motion

Plaintiff's motion is styled as a motion to remand for lack of subject matter jurisdiction and not as a motion for reconsideration of the transferor court's denial of remand.  Plaintiff argues that because the central question in her motion to remand is one of subject matter jurisdiction, which can be raised at any time, the transferor court's ruling is irrelevant and the Court should therefore treat her motion as a new motion to remand and not as a motion for reconsideration.

Directly on point (but not discussed by either party) is *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570 (7th Cir.2006).  *Santamarina* involved a class action originally filed in California state court. *Id.* at 571.  The suit was filed one month prior to the passage and effective date of the Class Action Fairness Act of 2005 ("CAFA") which provided for federal diversity jurisdiction in class actions in which the amount in controversy exceeds $5 million and at least one member of the plaintiff class is a citizen of a different state from the defendant or defendants.  28 U.S.C. § 1332(d)(2)(A). *Id.*  The defendant filed a motion to dismiss the suit for failure to state a claim and the plaintiffs responded by filing

an amended complaint.  *Id.*  When the amended complaint was filed, CAFA had gone into effect.  *Id.*  The defendant removed the case to the federal district court in California on the ground that the amended complaint constituted the opening of a new suit and asserting federal diversity jurisdiction under CAFA.  *Id.*[8]The plaintiffs filed a motion to remand arguing that CAFA did not apply because the case was "commenced" prior to its effective date.  *Id.*  The California district court denied the plaintiffs' motion to remand.  *Id.*

Thereafter, the MDL panel transferred the case to the federal district court in Chicago.  *Id.*  The plaintiffs then filed a motion to reconsider the California district court's denial of their motion to remand.  *Id.*  The Chicago federal district court treated plaintiffs' motion to reconsider as though it were a new motion to remand because the plaintiffs' motion was primarily based on case law generated after the California district court issued its ruling and because subject matter jurisdiction may be raised at any time.  *Santamarina v. Sears, Roebuck & Co,* 2006 WL 1517779 (N.D. Ill. May 24, 2006) (Grady, J.).Ultimately, the district court granted the motion, ruled that the suit had been improperly removed, and ordered it remanded to the California state court.

The defendant appealed the Chicago district court's order pursuant to the expedited appeal provision of CAFA, 28 U.S.C. § 1453(c).  *See* Brief of Defendant-Appellant Sears, Roebuck & Co., *Santamarina v. Sears, Roebuck &*

---

[8]  Although this case involved federal diversity jurisdiction under CAFA, the Court is convinced that the same principles would apply in the instant case.

*Co*, 2006 WL 2365333, *2 (Aug. 4, 2006) (MDL No. 1703).  On appeal, the following issue was presented for review:

> Whether Rule 60(b) of the Federal Rules of Civil Procedure and the law of the case doctrine apply to prior rulings regarding subject matter jurisdiction, such that a successor judge is required to find exceptional circumstances or clear error to reverse the decision of a predecessor judge denying remand of a case removed under CAFA.

*Id.* at *3.

The Appellate Court concluded that Rule 60(b) did not govern because it is not applicable to interlocutory orders. *Santamarina*, 466 F.3d at 571. The Seventh Circuit then stated that "[t]he authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case. *Id*. at 571-572.[9]

---

[9] Ultimately, the Appellate Court did not decide whether the district court's decision to reconsider was erroneous because such a ruling "would be pointless, since the law of the case doctrine does not bar review of a lower court by a higher one." *Santamarina,* 466 F.3d at 572.  Instead, the Appellate Court proceeded on the merits of the appeal.  *Id*.  In so doing, the Seventh Circuit noted its "rejection of the plaintiffs' argument that an erroneous refusal to remand a case under [CAFA] is a jurisdictional error, which must therefore remain corrigible until the litigation becomes final by issuance of a final judgment and exhaustion of appellate remedies."  *Id*. The Appellate Court then concluded that the case had been improperly removed and affirmed the Chicago district court's order of remand.  *Id*. at 573-574.  Although the Seventh Circuit did not address whether the district court's decision was erroneous under the law of the case doctrine, its opinion indicates that the appropriate course of action for a transferee district court presented with a motion to remand based on subject matter jurisdiction that was previously denied by the transferor court is to treat the motion as a motion to reconsider and to apply the law of the case doctrine.

Considering this, the Court concludes that the transferor court's order denying remand is entitled to deference under the law of the case doctrine. Thus, the Court will treat plaintiff's motion to remand as a motion to reconsider and will apply law of the case doctrine in deciding whether it should reconsider the transferor court's denial of remand.[10]

**E.     Law of the Case**

"Generally speaking, a successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred." *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). The law of the case doctrine, however, "authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina*, 466 F.3d at 572.   Moreover, under this doctrine, "[l]itigants have a right to expect that a change in judges will not mean going back to square one. The second judge may alter previous rulings if new information convinces him that they are incorrect, but he is not free to do so even though the time for reconsideration has not expired, merely because he has a different view of the law or facts from the first judge." *Williams v. C.I.R.,* 1 F.3d 502, 503 (7th Cir. 1993).

---

[10]  The Court also notes that here, unlike in *Santamarina,* the plaintiff sought a writ of mandamus from the Fourth Circuit Appellate Court, which was denied without explanation.  However, for the reasons already discussed, the Court concludes that the unexplained denial does not have a preclusive effect and therefore the procedural facts in *Santamarina* are directly on point.

In the instant case, plaintiff has not presented the Court with a compelling reason that clearly indicates the denial of remand was erroneous. Plaintiff's primary contention[11] is that procedural misjoinder is not an appropriate basis for removal. Plaintiff accurately notes that Seventh Circuit district courts have typically concluded that procedural misjoinder is not an appropriate basis for removal because it would be an improper expansion of federal diversity jurisdiction. Indeed, the undersigned judge recently reached that conclusion in these MDL proceedings. *SeeIn re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, --- F.Supp.2d ----, 2011 WL 884338 (S.D.Ill. Mar 11, 2011) (Herndon, C.J.).[12]

Nonetheless, the Court concludes that the plaintiff's argument is misplaced. Although procedural misjoinder is one of the arguments raised by Bayer in its removal papers, the transferor district court did not base its denial on the doctrine of procedural misjoinder. Instead, the transferor court concluded that Dr. Brooks was not a necessary party under Rule 19 and that it therefore had discretion to sever plaintiff's claims against Dr. Brooks under Rule 21. Plaintiff fails to provide a compelling reason showing that these findings are clearly

---

[11] Plaintiff also contends that the transferor court's decision regarding waiver of her unanimity objection is erroneous. Plaintiff, however, provides no compelling reason for concluding that the decision was in error.

[12] Plaintiff does not explain why Seventh Circuit law should be applied to a decision rendered by a district court residing in the Fourth Circuit. Moreover, although district courts in these circuits have reached varying conclusions on the issue of procedural misjoinder, neither the Fourth Circuit nor the Seventh Circuit have had occasion to accept or reject the procedural misjoinder doctrine. Thus, even if the transferor court's denial was based on procedural misjoinder, plaintiff has not established that such a decision is clearly erroneous.

erroneous. Moreover, although the Court's research indicates that there are varying views as to (1) whether a physician is a necessary and indispensable party in a product liability action against a drug manufacturer[13] and (2) whether a district court may sever a dispensable non-diverse party to preserve diversity jurisdiction in an action that has been removed,[14] such differences of opinion do not warrant reconsideration under the law of the case doctrine. *See Williams v. C.I.R.,* 1 F.3d 502, 503 (7th Cir. 1993) (successor judge should not alter transferor court's decision merely because he has a different view of the law or facts). Accordingly, plaintiff's motion to reconsider the transferor court's denial of remand is **DENIED.**

**F.   Diversity Jurisdiction**

Because the Court declines to reconsider the transferor court's decision to sever and remand the claims against Dr. Brooks, it now assesses

---

[13]*See e.g., Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) (holding that doctor who implanted a medical device was not a necessary party to product liability claims against manufacturer of the device); *DeGidio v. Centocor, Inc.*, 2009 WL 1867676 (N.D.Ohio June 29, 2009) (Carr, C.J.) (not reported); *Joseph v. Baxter Intern. Inc.,* 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009) (non-diverse medical care provider defendants were not indispensable parties) (Carr, C.J.); *Todd by Todd v. Merrell Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir.1991) (finding that the physician who ordered the injection of a drug not indispensable in a products liability case against a drug manufacturer).

[14]*Joseph v. Baxter Intern.Inc.,* 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009) (Carr, C.J.) (non-diverse medical care provider defendants were not indispensable parties, and thus could be severed in order to achieve diversity); *Robinson v. Swedish Health Services,* 2010 WL 816818 (W.D. Wash. Mar. 5, 2010) (Robart, J) (not reported) (declining to sever and remand claims against medical providers in product liability action against drug manufacturer (Bayer entities) but acknowledging disagreement amongst district courts).

jurisdiction by analyzing the case as it was presented to the Court. The case, as received by this Court, is completely diverse; none of the defendants is a citizen of the same state as the plaintiff. Accordingly, diversity jurisdiction exists.

### IV.    CONCLUSION

There is no compelling reason for reconsidering the transferor court's decision to deny remand. Accordingly, plaintiff's motion for reconsideration is **DENIED**. Further, the Court finds that the case, as presented to this Court, is completely diverse and therefore federal diversity jurisdiction exists.

**SO ORDERED.**

David R. Herndon
2011.07.10
19:04:47 -05'00'

**Chief Judge**  Date: July 10, 2011
**United States District Court**