UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) 3:09-md-02100-DRH-PMF ) ) MDL No. 2100 ) ) Judge David R. Herndon |

This Document Relates to: *Tonji L. Cooke-Bates v. Bayer Corp., et al.*, No. 3:11-cv-20020-DRH-PMF

## ORDER

**Herndon, Chief Judge:**

### 1. INTRODUCTION

Plaintiff Tonji L. Cooke-Bates moves this Court to grant an interlocutory certification, pursuant to 28 U.S.C. §1292(b) (Doc. 47), of this Court's Order Denying Reconsideration of Remand (Doc. 45) filed on July 11, 2010. For the following reasons, Plaintiff's motion is **DENIED**.

### 2. LEGAL STANDARD

Section 1292(b) states that when a district court judge believes that an order for an interlocutory appeal involves 1) a controlling question of law, 2) to which there is a substantial ground for difference of opinion, and 3) an immediate appeal from the order may materially advance the ultimate termination of the litigation, then the district judge may certify the request for such an appeal. Thereafter, the Court of Appeals has discretion in permitting an appeal from such an order. *See* 28 U.S.C. §1292(b); *In re Text Messaging Antitrust Litigation*, 630

F.3d 622, 624 (7th Cir. 2010) (stating that the district court must give permission to allow an interlocutory appeal before the Court of Appeals makes a final decision about an immediate appeal). The criteria under 1292(b) are "conjunctive, not disjunctive." *Ahrenholz v. Bd. Of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000). Further, a request for an interlocutory appeal must be filed "within a *reasonable time* after the order sought to be appealed." *Id.* at 675-76 (emphasis in original).

### 3. ANALYSIS

#### a. Timely Appeal

Defendants argue in their opposition to plaintiff's motion for certification that the plaintiff did not file her motion in a reasonable amount of time, therefore the motion must be denied as untimely (Doc. 49). As defendants point out, this Court denied remand on July 11, 2011 (Doc, 45). Plaintiff moved for interlocutory certification on September 13, 2011 - 64 days after the order in question (Doc. 47).

Section 1292(b) does not provide an express timeline for filing a certification motion. *Richardson Elecs., Ltd. v. Panache Broad.*, 202 F.3d 957, 958 (7th Cir. 2000) ("There is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b)..."). Nonetheless, the Seventh Circuit has made clear that a certification motion must be filed in the district court within a reasonable time after the order sought to be appealed. *Ahrenholz v. Bd. of Trs.*, 219 F.3d at 675-76.

Here, plaintiff's petition comes more than two months after this Court ruled on the question of law at issue. Although there is no precise formula for calculating a "reasonable time," a "district court may not and should not" grant certification of an untimely petition. *Id*. at 676. In this Court's opinion, given the circumstances of this case,[1] a two month delay is not reasonable. Accordingly, the Court finds that the motion was not filed within a reasonable time. Even assuming the petition was timely filed, however, for reasons discussed below, the petition must still be denied.

b. **Controlling Question of Law**

As noted above, an appeal under 1292(b) must involve a controlling question of law as to which there is substantial ground for difference of opinion.[2] In the instant case, plaintiff has failed to establish that her petition involves a question of *law*. A "question of law" under section 1292(b) must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine…" *Id.* at 676-677. Application of a legal standard is a question of law. *In re Text Messaging Antitrust Litigation*, 630 F.3d at 626. However, the routine

---

[1] Plaintiff filed a substantially similar motion in the transferor court (Docs. 29, 30).

[2] This involves three separate issues. (1) the question must be *controlling*; (2) the question must be a question of *law*; and (3) the question must be a question to which there is substantial ground for difference of opinion.

application of well settled legal principles to facts alleged in a complaint is not appropriate for interlocutory appeal under section 1292(b). *Id.*

Here, the plaintiff argues that Dr. Brooks was a necessary party to the litigation and the decision to sever him as a party to this litigation was erroneous. Whether Dr. Brooks was a necessary party under Rule 19 and subject to severance under Rule 21, involves the routine application of settled legal principles to facts alleged in the complaint. Further, the decision to sever a party is a fact-specific inquiry left to the discretion of the court and does not involve a "pure" legal question. Consequently, this Court does not find a question of *law* at issue.

c.  **Materially Advance the Termination of this Litigation**

Judicial efficiency is an underlying principle behind section 1292(b). Certification by a district court for an interlocutory appeal may be justified upon the basis that it will expedite litigation. *Matter of Hamilton*, 122 F.3d 13, 15 (7th Cir. 1997) ("[N]o basis has been laid for thinking that answering the former will expedite the litigation."). Plaintiffs provide no evidence that an immediate appeal from the order would materially advance the termination of this litigation (Doc. 47). This Court finds no evidence that approving plaintiff's motion would expedite this litigation. Therefore, this Court does not find that an immediate appeal of the July 11, 2011 order would materially advance the litigation.

4.  **CONCLUSION**

The common law and statutory criteria under section 1292(b) are not satisfied.  Accordingly, plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

David R. Herndon
2012.02.28
17:24:07 -06'00'

**Chief Judge**  
**United States District Court**

Date:  February 28, 2012